| | |
|---|---|
| LISA MULLINS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. |
| | ) |
| CORNERSTONE CHURCH OF | ) |
| NASHVILLE, INC., | ) |
| | ) |
| Defendant. | ) |

# COMPLAINT AND DEMAND FOR JURY TRIAL

## I. NATURE OF THE CASE

1. Plaintiff, Lisa Mullins ("Mullins"), by counsel, brings this action against Defendant, Centerstone Church of Nashville, Inc., ("Defendant"), for violating the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. §621 *et. seq.,* Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e *et. seq.,* and the Tennessee Human Rights Act ("THRA").

## II. PARTIES

2. Mullins is a resident of Davidson County, Tennessee, within the geographical boundaries of the Middle District of Tennessee.

3. Defendant maintains offices and routinely conducts business within the geographical boundaries of the Middle District of Tennessee.

1

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 28 U.S.C. §1367; 29 U.S.C. §626 and 42 U.S.C. § 2000e-5(f)(3).

5. Defendant is an "employer" as that term is defined by 29 U.S.C. §630(b), 42 U.S.C. §2000e(b) and the THRA.

6. Mullins is an "employee," as that term is defined by 29 U.S.C. §630(f), 42 U.S.C. §2000e(f), and the THRA.

7. Mullins satisfied her obligation to exhaust her administrative remedies, having timely filed a Charge of Discrimination (Charge No. 494-2023-03364) with the U.S. Equal Employment Opportunity Commission ("EEOC") against the Defendant alleging discrimination based on her age and race and retaliation for engaging in a protected activity. Mullins received the required Notice of her Right to Sue on February 2, 2024, and timely files this action.

8. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Middle District of Tennessee; thus, the venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

9. Mullins is a Black individual born in 1967.

10. Mullins began working for Defendant on or around March 1, 2022, as a Custodian. At all relevant times, Mullins' Supervisor was Cody Hayes ("Hayes"), non-Black, 64 years old individual.

11. Throughout Mullins' employment with Defendant, she was the oldest custodian and the only Black employee.

12. At all relevant times, Mullins met or exceeded Defendant's legitimate performance expectations. Specifically, in all of her evaluations, Mullins received an A+ rating.

13. On or around May 2022, Hayes hired his wife Sharlene Hayes ("Sharlene"), a non-Black, 42 years old individual. Sharlene worked as a Supervisor for Defendant.

14. On or around October 2022, Hayes hired his daughter, Sharlice Hayes ("Sharlice"), a non-Black, 20 years old individual, Sharlice worked as an office cleaner for Defendant.

15. Following the hiring of Hayes' family members, Mullins' workload increased inexplicably. In total, Mullins was responsible for the worship center, all the commodes, the lower level area of Respondent, vacuuming all the worship center and all ails, emptying the trash cans, and cleaning the bathrooms every other day, which was a significant increase from her previous job duties. Additionally, every Tuesday, Mullins had to take down 8-foot tables and clean the entire auditorium on her own, something that no other similarly situated employee had to do without help. Other younger and non-black Individuals in Mullins' same position, such as Wendy (Last Name Unknown ("Wendy")), Wess (Last Name Unknown ("Wess")), Wess Jr. (Last Name Unknown ("Wes Jr.")), and Charlise (Last Name Unknown ("Charlise")), did not have as heavy a workload or similar job duties compared Charging Party.

16. On or around May 30, 2023, Hayes asked all employees to sign a document that outlined each employee's job duties and responsibilities. When Mullins told Hayes that not all her duties were listed, Hayes told her that the responsibilities not listed were shared and split up amongst the employees equally. However, both on the document and in reality, Mullings had more duties than substantially younger, non-Black employees. Mullins told Hayes her concerns

and complained of disparate treatment due to her age and race. Hayes failed/refused to provide any remedial action.

17. Immediately following her complaint of disparate treatment and for the next two (2) weeks, Hayes began texting Mullins constantly to perform additional job duties. The same expectations or additional job duties were not given to another individual.

18. On or around May 30, 2023, Mullins made a complaint to Joe Mutter ("Mutter"), stating that she felt she was being retaliated against for making a complaint on May 30, 2023. Specifically, she felt that because she had made a previous complaint to Hayes, he was intentionally assigning her more tasks to complete, overworking her, and contacting her through her cell phone with increased frequency. No other employees experienced these changes. Defendant failed/refused to take any remedial action.

19. On or around June 14, 2023, or two (2) weeks after Mullins made her initial complaint, Defendant scheduled a meeting with Mullins to discuss their investigation findings with her two (2) previous complaints of disparate treatment. For the first time, this meeting allowed Mullins the ability to expound upon her concerns and provide examples of disparate treatment. Rather than take into consideration Mullins' legitimate concerns, Joe Mutter ("Mutter"), a non-Black, 60 years old individual, repeatedly stated that Mullins' concerns came across as if "she was just not happy here," and she should "not keep score of who's doing what." As the meeting continued, the true intent of Defendant's reason for this meeting came to light. It was not there to discuss Mullins' concerns but to terminate her employment.

20. Defendant's stated reason for termination was because she could not work in "harmony" with upper management, a reference to Mullins' complaints of disparate treatment

and retaliation. Defendant's proffered reason is pretext for discrimination based on her age and race and retaliation for engaging in a protected activity.

## V. CAUSES OF ACTION

### COUNT I: ADEA & THRA – AGE DISCRIMINATION

21. Mullins hereby incorporates paragraphs one (1) through twenty (20) of her Complaint as if the same were set forth at length herein.

22. Mullins is an individual over the age of forty (40), at all relevant times, who was repeatedly and inexplicably subjected to disparate treatment. Substantially younger individuals were not held to the same standard.

23. Defendant's actions were intentional, willful, and taken in reckless disregard of Mullins' legal rights.

24. Defendant's unlawful actions violated Mullins' rights as protected by the ADEA and the THRA.

25. Mullins has suffered damages as a result of Defendant's unlawful actions.

### COUNT II: TITLE VII & THRA- RACE DISCRIMINATION

26. Mullins hereby incorporates paragraphs one (1) through twenty-five (25) of her Complaint as if the same were set forth at length herein.

27. Mullins is a Black individual.

28. Defendant has discriminated against and subjected Mullins to disparate treatment due to her race.

29. Defendant's actions were intentional, willful, and taken in reckless disregard of Mullins' rights as protected by Title VII and the THRA.

30. Mullins has suffered damages as a result of Defendant's unlawful actions.

## COUNT III: TITLE VII & THRA RETALIATION

31. Mullins hereby incorporates paragraphs one (1) through thirty (30) of her Complaint as if the same were set forth at length herein.

32. Mullins engaged in a protected activity when she filed complaints of disparate or discriminatory conduct against the Defendant. These activities are known to Defendant.

33. Defendant has retaliated against Mullins for engaging in protected activity by terminating her employment within two (2) weeks of her first complaint.

34. Defendant's actions were intentional, willful, and taken in reckless disregard of Mullins' rights as protected by Title VII and the THRA.

35. Mullins has suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Lisa Mullins, respectfully requests that this court enter judgment in her favor and award her the following relief:

1. Award Plaintiff all wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

2. Award Plaintiff compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

3. Award Plaintiff compensatory damages for violations of Title VII and the THRA;

4. Award Plaintiff punitive damages for violations of Title VII and the THRA;

5. Award Plaintiff liquidated damages for violations of the ADEA;

6. Award Plaintiff all costs and attorney's fees incurred as a result of bringing this action;

7. Award Plaintiff pre- and post-judgment interest on all sums recoverable; and;

8. Award Plaintiff all other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Kyle F. Biesecker*
Kyle F. Biesecker
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Telephone Number: (615) 783.2171
Email Address:	kfb@bdlegal.com

*Counsel for Plaintiff, Lisa Mullins*

## DEMAND FOR JURY TRIAL

Plaintiff, Lisa Mullins, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/ Kyle F. Biesecker*
Kyle F. Biesecker
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Telephone Number: (615) 783.2171
Email Address:	kfb@bdlegal.com

*Counsel for Plaintiff, Lisa Mullins*